**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MUHAMMAD ALI

VERSUS

LASALLE CORRECTIONS LLC,
ET AL.

CIVIL ACTION NO. 26-0364

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Petitioner Muhammad Ali's ("Petitioner") Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 7). Petitioner seeks an emergency hearing, order to show cause, and a temporary restraining order and preliminary injunction enjoining Respondents from removing him from the United States and transferring him outside the jurisdiction of this Court. See Record Document 7-1. He also seeks immediate release from detention pending adjudication of his Habeas Petition. See id.

Petitioner is currently detained at the River Correctional Center in Ferriday, Louisiana. See id. at 5. According to the pleadings, Petitioner entered the United States without inspection and was detained in September 2024. See id. at 8. In March 2025, an Immigration Judge granted Petitioner withholding of removal. See id. Petitioner has remained in custody since that time. See Record Document 1 at 5.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine

Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner seeks a stay of removal while his Habeas petition remains pending. However, even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished)

(holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Petitioner also requests immediate release while his Habeas petition remains pending. However, a ruling granting release at this time would effectively resolve the merits of the Habeas Petition without the benefit of a developed record. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

As for Petitioner's request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 7) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of March, 2026.

_____

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

3